## JAMES H. GRIFFIN v. TOLEDO & MAUMEE VALLEY RAILWAY.

1. PROXIMATE CAUSE—RECOVERY NOT DEFEATED BY NEGLIGENCE, WHEN.

The fact that a deaf person was guilty of negligence in walking on the track of an electric railway company will not defeat his recovery if it appears that the motorman, after discovering such person's danger, and the fact that he paid no attention to warning signals, might, in the exercise of ordinary care, have stopped the car and thus have avoided the injury.

2. CHARGING WILFUL WRONG—RECOVERY FOR NEGLIGENT ACT.

When plaintiff in an action against a street railway company for personal injuries sets forth the facts complained of and denominates them "wilful conduct," if the facts so charged constitute negligence, the case should be submitted to the jury, although the evidence is insufficient to establish wilful wrong.

3. VARIANCE NOT PREJUDICIAL TO DEFENDANT.
   The fact that a petition sets forth acts which constitute negligent conduct
   and denominates them as wilful conduct, and alleges that the injury of which
   plaintiff complains was intentionally committed, while the evidence shows
   that it was not committed intentionally, but negligently, does not constitute
   such a variance between the pleading and proof as to be prejudicial to the
   defendant.

HEARD ON ERROR.

*T. N. Bierley* and *A. Alius*, for the plaintiff in error.

*King & Tracy*, for the defendant in error.

HULL, J.

This is a proceeding in error to reverse the judgment of the court of common pleas. The action was brought by the plaintiff against the defendant for personal injuries which he sustained on account of being struck on the track of the defendant by a car, near the village of Maumee, in this county. The defendant, a street railway company, operated a street railroad between the city of Toledo and the villages of Perrysburg and Maumee. The case came on for trial before the court and a jury and at the conclusion of plaintiff's testimony, the court directed a verdict in favor of the defendant on the ground that the plaintiff had failed to sustain the case set forth in the petition. The plaintiff claimed in his petition that the defendant, through its agents, wilfully ran the car upon and against him and injured him. The petition sets forth in detail the acts and conduct of the defendant of which the plaintiff complains, and the court of common pleas found from the evidence offered by the plaintiff that there was no evidence that the defendant had wilfully injured the plaintiff, and that therefore he had failed in his claim, and a verdict was directed in favor of the defendant and judgment entered thereon. It is to reverse this judgment that this proceeding in error is brought. To understand the question, it will be necessary to read a part of the petition.

" Plaintiff says that on the said date of January 13, 1900, he was walking on the said street car track in a northerly direction and at the hour of about four o'clock P. M. That it was broad daylight at the said time when he was thus walking on the said track. That he was thus walking on the said street car track at or near the northeasterly line of the limits of the corporation of said village of Maumee. That at the said time and place and while the said plaintiff was walking on the said street car track, the defendant's passenger car number 24 which was at the same time and place in charge of the conductor, Frank Hollenback, and which was being run by motorman Jack Stevenson, came running up behind him on the said street car track, and running in the same direction in which the plaintiff was walking, in a northeasterly direction, on said track. Plaintiff says that he did not see nor hear the said car at said time. And plaintiff says that there was nothing to obstruct the view of the motorman from seeing him walking ahead on the said track at the said time and place. That the said motorman did see the plaintiff walking on the said track ahead of his car at the said time and place, and that the said motorman there and then wilfully ran the said car against the plaintiff, upon the plaintiff and dragged the plaintiff along under his car for a distance of about fifteen feet before he stopped his car, that he could have stopped his car and prevented running the same against and upon the plaintiff. And plaintiff says that in consequence of said wilful conduct no the part of the said motorman in running his car as aforesaid upon

him, the said plaintiff, and in thus dragging him under the car, he was greatly injured," etc.

The evidence offered by the plaintiff tended to show that the plaintiff was walking along the highway, near Maumee, in the direction of Toledo, and that near the point where he was injured he had stepped upon the street car track; and it appears to be admitted in the record, on page 2, that this part of the track where he was walking was private right of way—was owned by the street railway company—the railroad company using in some places, according to the testimony and statements of counsel, the highway for the use of its tracks and at other places had private right of way. The car came around a curve in the road and at that time the plaintiff was about three hundred feet, perhaps, or a little more, ahead of the car; and it is plain, according to the testimony, that there was a clear view for that distance. Some of the testimony tended to show that the car was running about eight miles an hour. There was some conflict in the testimony as offered by the plaintiff as to whether the speed of the car was slackened any before the plaintiff was struck or not. Some of the testimony was to the effect that the car was not slackened in its speed nor any attempt made to stop it until it struck the plaintiff, or at about the very time the car struck the plaintiff. This testimony tended to show that the car continued at the same rate of speed—about eight miles an hour—until the plaintiff was struck. The testimony showed that the motorman sounded the gong or rang the bell, indicating that he saw the plaintiff and was ringing the bell to call his attention to the fact that the car was approaching and to warn him off the track. I should have said before that the plaintiff was entirely deaf, and the testimony tended to show that he had no knowledge that the car was coming until he was struck; he continued walking along the track, paying no attention to the car and gave no indication, so far as the record discloses, that he was aware that the car was in fact coming up behind him. According to the testimony, he was seriously injured.

Counsel for plaintiff in error claims that the court erred in directing a verdict in favor of the defendant, for the reason that there was some evidence, at least a *scintilla*, tending to show that this was done wilfully, and that the case should have been permitted to go to the jury; although counsel concedes that the evidence is probably not sufficient to warrant a judgment against the railroad company on the ground that the motorman *wilfully* ran its car upon the plaintiff, but claims that the evidence tended to show that the company was guilty, at least of negligence and that there was some evidence tending to show wilfulness. The court, however, held that there was no evidence tending to show that the defendant injured the plaintiff *wilfully* as alleged in the petition—with a wilful intent to do him harm, and for that reason, the case was taken away from the jury. Counsel for defendant in error conceded in argument that if the charge against the railroad company was that of negligence and not of wilful conduct, that there was perhaps sufficient in the evidence to require the court to submit the case to the jury on the question of defendant's negligence, but claimed that plaintiff was barred from recovering by his own negligence in going upon the track and walking on it in the way he did, being deaf. It may be true that a jury would be warranted in finding that the plaintiff was guilty of negligence in going upon the track and walking on it, and the fact that plaintiff was deaf would not increase the amount of care required of defendant unless it had knowledge of it. But although plaintiff was guilty of

negligence, still, if the motorman, in the exercise of ordinary care, had time and opportunity to see that plaintiff was apparently, for some reason, unconscious of the approach of the car and had opportunity, by the exercise of ordinary care, to stop the car in time to avoid injury to the plaintiff, the failure to do so was negligence and became the approximate cause of the injury. Railroad Co. v. Schade, Admr., 8 Circ. Dec., 816. (Affirmed without report; 57 O. S., 650.)

If a recovery could be had on the petition, for negligence alone, should the case have gone to the jury upon the evidence offered?

Now it will be observed from the petition, a part of which I have read, that the plaintiff sets forth fully the acts and conduct on the part of the defendant of which he complains. He sets forth all of the facts which he claims constitute the tort of the defendant, and he denominates those acts as he sets them forth as "wilful conduct," and he does not denominate them as negligence. That being true, if the evidence here was not sufficient to warrant a verdict on the ground of wilful conduct, ought the case to have been submitted to the jury on the question of negligence, notwithstanding the adverb or adjective which the plaintiff uses in his petition in describing and denominating the conduct of the defendant in this action? Was there such a variance here as was prejudicial to the defendant, so that the court was warranted in directing a verdict for the defendant? It is true that there is a difference between "wilful conduct" and "negligent conduct," and this difference is pointed out by the authorities. A wilful act, a wilful tort, is one done intentionally, where one injures another with the wilful intent to do him an unlawful injury, which is sometimes used as a definition of legal malice, and the use of this adjective "wilful" and the adverb "wilfully" in this petition was intended to designate this injury on the part of defendant to the plaintiff as an intentional injury. While negligence is simply a disregard of duty; a failure to exercise ordinary care without the intent formed to do an unlawful injury, which is included in the term "wilfulness." There is a brief discussion of this in Jaggard on Torts, where several authorities are cited. I read from page 823:

"It is vigorously insisted that wilful negligence involves a contradiction in terms, and is a misleading and dangerous expression. The cases of negligence, as they arise in practice and are found in reports, are not determined by theoretical considerations. The same state of facts may give rise to a cause of action which may be based on either wilfulness or negligence. Gross and reckless negligence, indeed, may in law amount to intentional mischief. A plaintiff would naturally claim moral wrong on the defendant's part whenever possible, both for the purpose of increasing the measure and extent of his damages and to avoid the defense of contributory negligence. If, however, he should fail to prove wilfulness, he may be able to recover for negligence. At common law, under some circumstances, this would affect the form of the action and necessitate the use of trespass instead of trespass on the case. Under the code system of pleading there is no corresponding reason why the two wrongs should be separated with greater definiteness than is required to meet the appropriate difference in pleading and evidence. Hence, actions for "wilful negligence" and "wanton negligence" are continually brought. And the plaintiff is not required to show the appropriateness of every adjective used in his complaint. Therefore, if he alleges that the defendant wilfully, wantonly, neg-

ligently and unlawfully did wrong, he can recover on proof of negligence. But there is no harmony on the point."

And a large number of cases are cited in the foot notes. Upon the question of variance, provision is made in the code, Secs. 5294 to 5296. Section 5294 provides, among other things, that:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits, and when it is alleged that a party has been so misled, that fact must be proved," etc., and

Sections 5295. "When the variance is not material, 'the court may direct the fact to be found according to the evidence, and may order an immediate amendment, without costs."

The plaintiff set forth in his petition the same state of facts that he would plead if he were counting on negligent conduct instead of wilful conduct. He states that the track was clear; that the motorman could see plainly; that the plaintiff was deaf; that he didn't know the car was approaching; that defendant made no effort to stop the car, but continued to run at the same rate of speed until it struck him; that they could have stopped the car and ha 'e avoided striking him; and, having stated all these things he denominates the conduct of defendant as "wilful."

In our judgment, the case should have gone to the jury upon the question of negligence; if it be true that the evidence was insufficient to warrant the court in submitting it to the jury upon the question of wilful wrong, that still the plaintiff, under the allegations in the petition and the evidence should have had his case submitted to the jury upon the question of negligence. Plaintiff had alleged a tort or a higher degree than negligence against the defendant; had set forth acts which might constitute negligent conduct, but had alleged that this injury had been done and committed intentionally, whereas the court found that under the evidence it was not committed intentionally; that there was no evidence to show that it was committed intentionally; but it seems to us that it can not be said that the defendant was prejudiced in any way by this description of the conduct of defendant. He was advised by the petition exactly of the facts which the plaintiff claimed constituted the tort of which he complained; he knew exactly what he would be required to meet, but plaintiff had alleged, in addition to this, that it was done intentionally, and the proof, it is said, failed to show that; but we are unable to see how this variance, if it be a variance, could be prejudicial to the defendant.

There is a case in 25 N. Y., p. 252, that seems to be directly in point. The third paragraph of the syllabus is:

"The plaintiff may recover for negligent waste, as in suffering a building to be burnt, although the complaint charge the defendant with having wrongfully set fire to it."

And on page 25.', in the opinion, the court say:

"The judge charged the jury that the plaintiff could recover for the woodshed without showing that the defendant set fire to it on purpose if it was burned through his negligence. The tenant was answerable for waste of the premises through his negligence; and although it was averred in the complaint that the defendant wrongfully set fire to and destroyed the woodshed, and it turned out from the proof that he had negligently set fire to it, and it was burned up, the plaintiff could recover.

That was this case. It was the same kind of waste the complaint averring that it was committed wrongfully, and the proof showing that it was done negligently. "

As in the case at bar, the petition alleged that the act was done wilfully, while the evidence tended only to show that it was done negligently. Under the code of this state and the construction that has been put upon it by the courts and the provision of the statute that it should be construed liberally, we hold that this case should have been submitted to the jury, and that therefore there was error in directing a verdict for the defendant.

For these reasons the judgment of the court of common pleas will be reversed, the verdict set aside and the cause remanded for a new trial.